UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUAN CARLOS ESTRADA GUTIERREZ,<br>Petitioner,<br>v.<br>JULIO HERNANDEZ, Field Office Director of Enforcement and Removal Operations, Seattle Field Office, Immigration and Customs Enforcement; *et al.*,<br>Respondents. | No. 2:26-CV-02966-SAB<br><br>**ORDER GRANTING MOTION TO SEAL IN PART; GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court are Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, and Motion to File Exhibits A-D Under Seal, ECF No. 2. Petitioner is represented by Jacob C. Rourk and Shara Svendsen. Respondents are represented by Alixandria Morris.

**Motion to Seal**

Petitioner requests the Court seal Exhibits A, B, C, and D filed alongside his Habeas Petition. Petitioner indicates these documents contain sensitive personal information irrelevant to the public's understanding of the proceedings. Upon reviewing the proposed sealed materials, the Court grants the Motion to Seal in

part and denies it in part. The Court agrees with Petitioner that exhibits A, B, and C are not necessary for the public to understand the habeas proceedings and grants Petitioner's request to seal those exhibits in the interest of protecting sensitive personal information. Exhibit D, however, pertains to Petitioner's criminal history and consists largely of publicly available information and is at least in part relevant to the Court's consideration of Petitioner's Habeas Petition. Accordingly, the Court denies Petitioner's Motion to Seal as to Exhibit D.

**Petition for Writ of Habeas Corpus**

Petitioner is a native and citizen of Mexico who entered the United States without inspection in 2019. On May 8, 2026, Petitioner was arrested by ICE during a targeted enforcement operation.

Petitioner is currently detained at the Northwest ICE Processing Center. He requested a bond hearing during the early stages of his detention, and the Immigration Judge (IJ) denied his request for release on jurisdictional grounds.

This is Petitioner's second Habeas Petition filed in this district. In ruling on Petitioner's first petition (Case No. 2:26-CV-02084-TLF), the court found that Petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(c) as he entered the United States without inspection, was not apprehended upon arrival, and does not have a qualifying criminal record to subject him to detention under § 1226(c), applying *Rodriguez Vasquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025), *aff'd*, *Rodriguez Vasquez v. Bostock*, No. 25-6842, slip op. at 67 (9th Cir. 2026). The court further found that the initial bond hearing was constitutionally inadequate as the IJ failed to produce a contemporaneous record of the hearing. The court ordered Respondents to conduct a bond hearing that reflects Petitioner's status as an individual detained under § 1226(a) and to produce a contemporaneous recording of the hearing.

The bond hearing was conducted on August 7, 2026. The IJ denied bond, finding that Petitioner is a flight risk and a danger to the community.

Petitioner now requests the Court order his immediate release, asserting that the IJ did not provide him with a constitutionally sufficient bond hearing, relying on their own "cherry-picked summary of the previous bond hearing" instead of submitted evidence, and the IJ failed to weigh any of the *Guerra* factors or provide a reasoned basis for his decision.

Respondents assert that Petitioner's Habeas Petition should be denied, arguing that Petitioner has failed to exhaust his administrative remedies.

As a preliminary matter, exhaustion of administrative remedies is not a jurisdictional prerequisite for habeas petitions. *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001). However, some Courts require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before pursuing habeas relief. *Id*. In evaluating whether to require administrative exhaustion prior to seeking review by an Article III court, a court must consider: (1) whether agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) whether relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) whether administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Exceptions to this exhaustion requirement include "situations… where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 n.4 (9th Cir. 1981). The exhaustion requirement is also waived when a petitioner challenges issues other than the BIA's ruling on removability. *Laing v. Ashcroft*, 370 F.3d 994, 1001 (9th Cir. 2004).

The Court has jurisdiction over this matter, as Petitioner is challenging the constitutionality of the bond hearing. Further, as this is a constitutional question that the BIA is not capable of resolving, Petitioner is not required to exhaust his

administrative remedies.

Petitioner asserts his bond hearing was constitutionally deficient as the IJ failed to meaningfully consider evidence presented by Petitioner. Immigration judges may consider the following factors in making bond determinations: (1) whether the noncitizen has a fixed address in the United States; (2) the noncitizen's length of residence in the United States; (3) the noncitizen's family ties in the United States, and whether they may entitle the noncitizen to reside permanently in the United States in the future; (4) the noncitizen's employment history; (5) the noncitizen's record of appearance in court; (6) the noncitizen's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the noncitizen's history of immigration violations; (8) any attempts by the noncitizen to flee prosecution or otherwise escape from authorities; and (9) the noncitizen's manner of entry into the United States. *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006).

This Court has jurisdiction to review IJ custody determinations for legal error, including whether an IJ's bond decision was arbitrary, applied the wrong legal standard, or violated due process. *See Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024). The habeas court's review of an IJ's determination of flight risk and danger to the community is for abuse of discretion. *Id*. at 784-85. When conducting such a review, the court may only determine whether the IJ applied the correct legal standard, not reweigh the evidence. *Id*. District courts look to whether the IJ explained their reasoning and conclusions, finding that IJs abused their discretion where no reasoned connection was drawn between the IJ's factual findings and determination of flight risk and/or danger to the community. *Soriano v. Hernandez*, No. 2:26-CV-00900-DGE, 2026 WL 969764, at *5 (W.D. Wash. Apr. 10, 2026). Due process requires a meaningful and individualized bond determination, including a reasoned decision based on the evidence presented and a contemporaneous record sufficient for review. *Singh*, 638 F.3d at 1203-04.

In support of his bond hearing, Petitioner provided the IJ with 22 letters of support from family, friends, and colleagues. Petitioner also submitted continuous physical presence evidence, copies of his W-2s and tax returns, applications for relief already submitted to the Immigration court, sponsor information, and information regarding his misdemeanor conviction and behavior post-conviction, among other documents.

In opposition, the Government submitted evidence regarding Petitioner's misdemeanor conviction and the IJ's previous order denying bond on jurisdictional grounds (with alternative findings of risk of flight and danger to the community).

It is apparent from the record that the IJ relied heavily on his notes from the previous bond hearing, evidence submitted at the previous bond hearing that Petitioner's new counsel did not have access to, and focused on (1) the allegation that Petitioner previously used a fake social security number for work authorization purposes, and (2) Petitioner's failure to "file the probable cause certification" regarding Petitioner's reckless driving misdemeanor arrest. Although the record indicates it was a misdemeanor conviction for reckless driving, the IJ and DHS only refer to the incident as a DUI. The IJ concluded that, because of his failure to submit the probable cause certification/police report regarding his misdemeanor, Petitioner failed to meet his burden to prove that he was not a flight risk or a danger to the community.

When Petitioner's counsel objected to the IJ's reliance on evidence not in the record from the previous bond hearing, as she was not representing Petitioner at the time and could only make good faith arguments based on the record for the August 7, 2026, hearing, the IJ responded: "Okay. Well, I was here. Maybe you weren't, but I was here." The objection was overruled, and the IJ stated that he does "have it in the record – not in the record for this bond hearing, but I'm going to move it into this record from the other bond hearing."

The Government's argument was brief: "the DUI that happened three years

ago is not a long time ago. He does have an illegal entry. And the burden rests on the Respondent to provide all necessary documents to show that he is not a danger. And I believe without the police report they didn't submit, I would argue he did not meet their burden."

The IJ concluded that Petitioner failed to show that he is not a danger or a flight risk and denied bond.

Although Petitioner was allowed to present evidence in support of releasing him on bond, the IJ failed to engage in any discussion of this evidence. The IJ relied on a record that can be described, at best, as questionable in its construction, to arrive at a sweeping conclusion that Petitioner is a danger to the community and a flight risk. Missing from the record entirely is any explanation as to why or how the IJ arrived at that conclusion. Nothing in the record indicates the IJ weighed Petitioner's evidence against the evidence provided by the Government, nor did the IJ consider any conditions of release that could mitigate any risk of flight. Without weighing the evidence submitted by Petitioner in its entirety or engaging in a meaningful analysis of Petitioner's specific circumstances, the IJ could not have reasonably found that Petitioner failed to satisfy his burden. Accordingly, the bond hearing was constitutionally deficient and the IJ abused his discretion in denying bond.

Federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). Other courts have ordered immediate release when a petitioner received a constitutionally inadequate bond hearing. *See Soriano*, 2026 WL 969764, at *6; *W.T.M. v. Bondi*, No. 2:25-CV-02428-RAJ-BAT, 2026 WL 262583 (W.D. Wash. Jan. 30, 2026) (immediate release is appropriate when there were pervasive due process violations in bond hearing); *Miri v. Bondi*, No. 5:26-CV-00698-MEMF-MAR, 2026 WL 622302 (C.D. Cal. Mar. 5, 2026) (immediate release is appropriate when immigration judge abused discretion in bond hearing).

Considering the nature and outcome of Petitioner's previous bond hearing, the Court finds that immediate release is the appropriate remedy.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

2. Petitioner's Motion to File Exhibits A-D Under Seal, ECF No. 2, is **GRANTED in part and DENIED in part**.

   a. Exhibits A, B, and C, filed alongside Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, shall remain under seal.

   b. Exhibit D, filed alongside Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, shall be **unsealed**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 9th day of October 2026.

Stanley A. Bastian
United States District Judge